# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SARAH DAVIS, | ) |
| and | ) |
| TYLER DAVIS, | ) |
| and | ) |
| E.D., G.D., T.D., & V.D., MINORS, BY AND THROUGH THEIR MOTHER AND NEXT FRIEND, SARAH DAVIS, | ) |
| Plaintiffs, | ) |
| vs. | ) Cause No. |
| UNITED STATES OF AMERICA, | ) |
| and | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Sarah Davis and Tyler Davis, and E.D., G.D., T.D., and V.D., minors, through their mother and Next Friend, Sarah Davis, and through their attorney, R. Tyson Mutrux, for their Complaint against Defendants United States of America and United States Postal Service, state as follows:

### JURISDICTION

1. That this action is brought pursuant to the Federal Tort Claims Act and jurisdiction is vested in this Court pursuant to 28 U.S.C. 1346(b).

1

2. That pursuant to 28 U.S.C. 1346(b), 28 U.S. Code § 2675, and 28 CFR § 14.9, Plaintiff Sarah Davis filed a Federal Tort Claim for the sum of ONE HUNDRED SIX THOUSAND FOUR HUNDRED FORTEEN DOLLARS AND EIGHTY-TWO CENTS ($106,414.82) with Defendants United States of America and United States Postal Service on May 11, 2020.

3. That pursuant to 28 U.S.C. 1346(b), 28 U.S. Code § 2675, and 28 CFR § 14.9, Plaintiff Tyler Davis filed a Federal Tort Claim for the sum of ONE HUNDRED SIX THOUSAND FOUR HUNDRED FORTEEN DOLLARS AND EIGHTY-TWO CENTS ($106,414.82) with Defendants United States of America and United States Postal Service on May 11, 2020.

4. That pursuant to 28 U.S.C. 1346(b), 28 U.S. Code § 2675, and 28 CFR § 14.9, minor Plaintiff T.D., through his mother Sarah Davis, filed a Federal Tort Claim for the sum of TWENTY FIVE THOUSAND AND ZERO CENTS ($25,000.00) with Defendants United States of America and United States Postal Service on May 11, 2020.

5. That pursuant to 28 U.S.C. 1346(b), 28 U.S. Code § 2675, and 28 CFR § 14.9, minor Plaintiff V.D., through his mother Sarah Davis, filed a Federal Tort Claim for the sum of TWENTY FIVE THOUSAND AND ZERO CENTS ($25,000.00) with Defendants United States of America and United States Postal Service on May 11, 2020.

6. That pursuant to 28 U.S.C. 1346(b), 28 U.S. Code § 2675, and 28 CFR § 14.9, minor Plaintiff G.D., through his mother Sarah Davis, filed a Federal Tort Claim for the sum of TWENTY FIVE THOUSAND AND ZERO CENTS ($25,000.00) with

Defendants United States of America and United States Postal Service on May 11, 2020.

7. Plaintiffs received an acknowledgment of their claims via U.S. mail on June 23, 2020.

8. Plaintiffs received offers from Defendants via email on November 17, 2021.

9. Plaintiffs have never received a notice of final denial by certified or registered mail.

10. On May 17, 2022, despite having not received a final denial, counsel for Plaintiffs faxed and emailed a request for reconsideration to Defendants.

## FACTS

11. That the Plaintiffs, Sarah Davis, Tyler Davis, E.D., G.D., T.D., and V.D., are residents of the State of Missouri.

12. That on or about June 27, 2019, at approximately 4:55 pm, Plaintiff Sarah Davis was operating a motor vehicle.

13. That on or about June 27, 2019, at approximately 4:55 pm, Plaintiffs Tyler Davis, E.D., G.D., T.D., and V.D. were passengers in the vehicle driven by Sarah Davis.

14. That at that date and time in question, Plaintiffs were traveling in a generally easterly direction on East Monroe Avenue.

15. That at that date and time in question, Kabrina Martin-Billings was operating a motor vehicle which is owned by the United States of America and/or the United States Postal Service.

16. That at the date and time in question, Kabrina Martin-Billings was traveling in a generally northerly direction on Smith Avenue.

17. That Kabrina Martin-Billings was, at the time, employed by the United States of America, specifically through the agency of the United State Postal Service through its subagency of Food Safety and Inspection Service.

18. That Kabrina Martin-Billings was, at the time, performing a duty for her employer, the United State Postal Service.

19. That on or about that date, Plaintiff Sarah Davis was driving through the intersection of East Monroe Avenue and Smith Avenue.

20. That on or about that date, Kabrina Martin-Billings was driving through the intersection of East Monroe Avenue and Smith Avenue.

21. That East Monroe Avenue and Smith Avenue are public thoroughfares that pass through, among other areas, St. Louis County, Missouri.

22. That there are stop signs at the intersection of East Monroe Avenue and Smith Avenue for traffic entering Smith Avenue.

23. That there are no stop signs for traffic traveling on East Monroe Avenue at the intersection of East Monroe Avenue and Smith Avenue.

24. That at the date and time in question, the stop signs for Smith Avenue traffic were all displayed.

25. That at the date and time in question, the front of the vehicle operated by Kabrina Martin-Billings and owned and/or insured by the United States of America and/or the United States Postal Service came into contact with the driver's side of the vehicle being operated by Plaintiff Sarah Davis.

26. That Plaintiffs did not have the chance to avoid the collision due to its sudden and unforeseeable nature.

27. That the incidents described in paragraphs 11-26 occurred with no negligence on the part of Plaintiffs.

28. That the injuries and damages alleged by Plaintiffs were directly and proximately caused by Kabrina Martin-Billings, the United States of America, and/or the United States Postal Service, in one or more of the following respects, to wit:

    a. Kabrina Martin-Billings failed to exercise the highest degree of care to keep a careful lookout while operating her motor vehicle.

    b. Kabrina Martin-Billings failed to exercise the highest degree of care in failing to yield to the vehicle being operated by Plaintiff Sarah Davis.

    c. Kabrina Martin-Billings failed to exercise the highest degree of care in permitting her vehicle to come into contact with vehicle being operated by Plaintiff Sarah Davis.

    d. Kabrina Martin-Billings failed to exercise the highest degree of care by, knowing that there was a reasonable likelihood of collision in time thereafter, ought to have stopped, or swerved, or slackened speed, or sounded a warning, but he failed to do so.

29. That each and all of the aforesaid acts of Kabrina Martin-Billings, the United States of America, and/or the United States Postal Service, both commission and omission, were negligent and constituted negligence.

30. That each and all of the aforesaid acts of Kabrina Martin-Billings, the United States of America, and/or the United States Postal Service, both commission and omission, were a direct and proximate cause of the damages and injuries hereinafter described.

<u>Count I – Sarah Davis – Negligence and Federal Tort Claims Act Against<br>United States of America and United States Postal Service</u>

Comes now plaintiff, Sarah Davis, and for her cause of action against defendants United States of America and United States Postal Service, states to the Court as follows:

31. Plaintiff Sarah Davis adopts and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32. That each and all of the aforesaid acts by Defendants United States of America and United States Postal Service, both of commission and of omission, were negligent and constituted negligence.

33. That each and all of the aforesaid acts of Defendants United States of America and United States Postal Service, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

34. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff Sarah Davis suffered serious, painful, and permanent injuries to her neck, back, and spine.

35. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff Sarah Davis became sick, sore, lame and disordered.

36. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff Sarah Davis has suffered, and she will hereafter suffer physical pain and mental anguish.

37. That as a direct and proximate result of these injuries, Plaintiff Sarah Davis has been obliged to seek medical treatment and has incurred medical expenses.

38. That as a direct and proximate result of these injuries, Plaintiff Sarah Davis will in the future be obliged to seek additional medical treatment and will incur additional medical expenses.

39. Plaintiff Sarah Davis's aforesaid injuries are permanent, serious and progressive in their nature.

40. Plaintiff Sarah Davis will continue to suffer pain of body and mind for so long as she lives.

41. That Plaintiff Sarah Davis' vehicle was damaged in the amount of $6,414.82.

**WHEREFORE**, the Plaintiff, Sarah Davis, prays for judgment against the Defendants United States of America and United States Postal Service, for the sum of ONE HUNDRED SIX THOUSAND FOUR HUNDRED FORTEEN DOLLARS AND EIGHTY-TWO CENTS ($106,414.82), for attorney fees, and for her costs in this suit.

Count II – Tyler Davis – Negligence and Federal Tort Claims Act Against
United States of America and United States Postal Service

Comes now plaintiff, Tyler Davis, and for her cause of action against defendants United States of America and United States Postal Service, states to the Court as follows:

42. Plaintiff Tyler Davis adopts and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

43. That each and all of the aforesaid acts by Defendants United States of America and United States Postal Service, both of commission and of omission, were negligent and constituted negligence.

44. That each and all of the aforesaid acts of Defendants United States of America and United States Postal Service, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

45. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff Tyler Davis suffered serious, painful, and permanent injuries to his neck, back, and spine.

46. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff Tyler Davis became sick, sore, lame and disordered.

47. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff Tyler Davis has suffered, and he will hereafter suffer physical pain and mental anguish.

48. That as a direct and proximate result of these injuries, Plaintiff Tyler Davis has been obliged to seek medical treatment and has incurred medical expenses.

49. That as a direct and proximate result of these injuries, Plaintiff Tyler Davis will in the future be obliged to seek additional medical treatment and will incur additional medical expenses.

50. Plaintiff Tyler Davis's aforesaid injuries are permanent, serious and progressive in their nature.

51. Plaintiff Tyler Davis will continue to suffer pain of body and mind for so long as he lives.

52. That Plaintiff Tyler Davis' vehicle was damaged in the amount of $6,414.82.

**WHEREFORE**, the Plaintiff, Tyler Davis, prays for judgment against the Defendants United States of America and United States Postal Service, for the sum of ONE HUNDRED SIX THOUSAND FOUR HUNDRED FORTEEN DOLLARS AND EIGHTY-TWO CENTS ($106,414.82), for attorney fees, and for his costs in this suit.

### Count III – T.D. – Negligence and Federal Tort Claims Act Against United States of America and United States Postal Service

Comes now plaintiff, T.D., and for his cause of action against the defendants United States of America and United States Postal Service, states to the Court as follows:

53. Plaintiff T.D. adopts and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 I, as though fully set forth herein.

54. That at the date and time in question, Plaintiff T.D. was a passenger in Sarah Davis' vehicle.

55. That the incidents described in paragraphs 1-30 of Count I occurred with no negligence on the part of the Plaintiff, T.D..

56. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and

commission, Plaintiff T.D. suffered serious, painful, and permanent injuries to his general body as a whole, including pain and suffering.

57. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff T.D. became sick, sore, lame and disordered.

58. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff T.D. has suffered, and he will hereafter suffer physical pain and mental anguish.

59. That as a direct and proximate result of these injuries, Plaintiff T.D. has been obliged to seek medical treatment and has incurred medical expenses.

60. That as a direct and proximate result of these injuries, Plaintiff T.D. will in the future be obliged to seek additional medical treatment and will incur additional medical expenses.

61. Plaintiff T.D.' aforesaid injuries are permanent, serious and progressive in their nature.

62. Plaintiff T.D. will continue to suffer pain of body and mind for so long as he lives.

**WHEREFORE**, the Plaintiff, T.D., prays for judgment against the Defendants United States of America and United States Postal Service, for the sum of TWENTY FIVE THOUSAND AND ZERO CENTS ($25,000.00), for attorney fees, and for his costs in this suit.

Count IV – V.D. – Negligence and Federal Tort Claims Act Against
United States of America and United States Postal Service

Comes now plaintiff, V.D., and for his cause of action against the defendants United States of America and United States Postal Service, states to the Court as follows:

63. Plaintiff V.D. adopts and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, as though fully set forth herein.

64. That at the date and time in question, Plaintiff V.D. was a passenger in Sarah Davis' vehicle.

65. That the incidents described in paragraphs 1-30 occurred with no negligence on the part of the Plaintiff, V.D..

66. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff V.D. suffered serious, painful, and permanent injuries to his general body as a whole, including pain and suffering.

67. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff V.D. became sick, sore, lame and disordered.

68. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff V.D. has suffered, and he will hereafter suffer physical pain and mental anguish.

69. That as a direct and proximate result of these injuries, Plaintiff V.D. has been obliged to seek medical treatment and has incurred medical expenses.

70. That as a direct and proximate result of these injuries, Plaintiff V.D. will in the future be obliged to seek additional medical treatment and will incur additional medical expenses.

71. Plaintiff V.D.' aforesaid injuries are permanent, serious and progressive in their nature.

72. Plaintiff V.D. will continue to suffer pain of body and mind for so long as he lives.

**WHEREFORE**, the Plaintiff, V.D., prays for judgment against the Defendants United States of America and United States Postal Service, for the sum of TWENTY FIVE THOUSAND AND ZERO CENTS ($25,000.00), for attorney fees, and for his costs in this suit.

<u>Count V – G.D. – Negligence and Federal Tort Claims Act Against United States of America and United States Postal Service</u>

Comes now plaintiff, G.D., and for his cause of action against the defendants United States of America and United States Postal Service, states to the Court as follows:

73. Plaintiff G.D. adopts and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, as though fully set forth herein.

74. That at the date and time in question, Plaintiff G.D. was a passenger in Sarah Davis' vehicle.

75. That the incidents described in paragraphs 1-30 occurred with no negligence on the part of the Plaintiff, G.D..

76. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff G.D. suffered serious, painful, and permanent injuries to his general body as a whole, including pain and suffering.

12

77. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff G.D. became sick, sore, lame and disordered.

78. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff G.D. has suffered, and he will hereafter suffer physical pain and mental anguish.

79. That as a direct and proximate result of these injuries, Plaintiff G.D. has been obliged to seek medical treatment and incurred medical expenses.

80. That as a direct and proximate result of these injuries, Plaintiff G.D. will in the future be obliged to seek additional medical treatment and will incur additional medical expenses.

81. Plaintiff G.D.' aforesaid injuries are permanent, serious and progressive in their nature.

82. Plaintiff G.D. will continue to suffer pain of body and mind for so long as he lives.

**WHEREFORE**, the Plaintiff, G.D., prays for judgment against the Defendants United States of America and United States Postal Service, for the sum of TWENTY FIVE THOUSAND AND ZERO CENTS ($25,000.00), for attorney fees, and for his costs in this suit.

### Count VI – E.D. – Negligence and Federal Tort Claims Act Against United States of America and United States Postal Service

Comes now plaintiff, E.D., and for his cause of action against the defendants United States of America and United States Postal Service, states to the Court as follows:

83. Plaintiff E.D. adopts and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, as though fully set forth herein.

84. That at the date and time in question, Plaintiff E.D. was a passenger in Sarah Davis' vehicle.

85. That the incidents described in paragraphs 1-30 occurred with no negligence on the part of the Plaintiff, E.D..

86. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff E.D. suffered serious, painful, and permanent injuries to his general body as a whole, including pain and suffering.

87. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff E.D. became sick, sore, lame and disordered.

88. That as a direct and proximate result of the aforesaid acts by Defendants United States of America and United States Postal Service, both of omission and commission, Plaintiff E.D. has suffered, and he will hereafter suffer physical pain and mental anguish.

89. That as a direct and proximate result of these injuries, Plaintiff E.D. has been obliged to seek medical treatment and incurred medical expenses.

90. That as a direct and proximate result of these injuries, Plaintiff E.D. will in the future be obliged to seek additional medical treatment and will incur additional medical expenses.

91. Plaintiff E.D.' aforesaid injuries are permanent, serious and progressive in their nature.

92. Plaintiff E.D. will continue to suffer pain of body and mind for so long as he lives.

**WHEREFORE**, the Plaintiff, E.D., prays for judgment against the Defendants United States of America and United States Postal Service, for the sum of TWENTY FIVE THOUSAND AND ZERO CENTS ($25,000.00), for attorney fees, and for his costs in this suit.

Respectfully submitted,

*/s/ R. Tyson Mutrux*

_____
R. Tyson Mutrux #63117MO
Mutrux Firm, LLC
MO Bar #: 63117
IL Bar #: 6304947
Attorney for Plaintiff
PO Box 66738
PMB 38300
St. Louis, Missouri 63166-6738
(314) 270-2273
(314) 884-4333 fax
RedTeam@MFInjury.com